No. 2559

Second Circuit

---

COMMERCIAL CREDIT COMPANY, INC., v. PATTON

---

(May 7, 1926, Opinion and Decree)

---

*(Syllabus by the Court.)*

1. **Louisiana Digest—Pleading—Par. 47.**

Replications are not permited by our law, and so all allegations in an answer are open to every objection of law and fact, as non-age, coverture, fraud, prescription and the like, as if specially pleaded.

Bayly & Pond vs. Stacey & Poland, 30 La. 1210.

Mayner vs. Rollins, 3 Mar. (N. S.) 622.

Donaldson vs. Winter, 8 Mar. (N. S.) 181.

Riley vs. Wilcox, 12 Rob. 648.

Swilley vs. Low, 13 La. Ann. 412.

Appeal from the Fourth Judicial District Court of Louisiana, Parish of Morehouse. Hon. Percy Sandel, Judge.

Action by Commercial Credit Company, Inc., against Mrs. Lula C. Patton, et al.

There was judgment for defendants and plaintiff appealed.

Judgment reversed and case remanded for trial.

Shotwell & Brown, of Arcadia, attorneys for plaintiff, appellant.

Madison & Madison, of Bastrop, attorneys for defendants, appellees.

STATEMENT OF THE CASE

REYNOLDS, J. This is a suit against Mrs. Lula C. Patton, and in the alternative against her husband, C. H. Patton, on a promissory note.

The third and fourth paragraphs of plaintiff's petition read as follows:

"3.

"Petitioner further shows that several days after the execution of said note by the said Mrs. Lula C. Patton, your petitioner, before acquiring said note from Milner Motor Co., Inc., payee thereon, requested the said Milner Motor Co., Inc., to have C. H. Patton, husband of Mrs. Luca C. Patton, sign said note and the act of chattel mortgage securing the same for the purpose of authorizing his said wife thereon; and that the said C. H. Patton did sign said note and the act of chattel mortgage securing the same for the purpose of aiding and authorizing his said wife, but through error and oversight failed to add the appropriate words indicating that he signed for the purpose of authorizing his said wife and that the said C. H. Patton signed said note and said act of chattel mortgage for the purpose of aiding and authorizing his said wife and not as a joint maker thereof.

"4.

"That said note was executed and given as a part of the purchase price of a Ford sedan, and that the said car was purchased by the said Mrs. Lula C. Patton as her separate and paraphernal property, and that the said note is a separate paraphernal debt of the said Mrs. Lula C. Patton and was contracted by her as her separate debt and to be paid by her out of her separate paraphernal property; and that said property inured to the benefit of said Mrs. Lula C. Patton."

On the trial of the case the following three questions were propounded by plaintiff to L. P. Milner, a witness on its behalf, and were objected to by defendants for the reasons given, and the objection sustained, to-wit:

"Q. Will you state, Mr. Milner, just what transpired when Mrs. Lula C. Patton came into your place of business and stated she wanted to buy a car?

"Mr. Madison: Objected to for the reason that this is a suit on a note, which is a written obligation, and parol testimony is inadmissible to amplify or vary the recitals made in the note without any allegation of fraud or error. The testimony called for is hearsay testimony.

"By the Court: Let the objection be sustained.

"By Mr. Shotwell: Except to the ruling of the court and reserve a bill.

"Q. I will ask you to state what, if anything, was said by Mrs. Patton at the time relative to her purchasing this car as her own car?

"Mr. Madison: This is objected to for the reason the conversation resulted in the execution of the contract sued on, and that everything said prior to the execution of the contract is foreclosed by the terms of the contract; that the contract is in writing and parol testimony is inadmissible to vary or modify the written instrument.

"By the Court: Objection sustained.

"Q. I hand you, Mr. Miller, a document marked 'Buyer's Statement', and ask you to state whether or not you saw Mrs. Lula C. Patton sign that?

"Mr. Madison: Objected to for the reason it is irrelevant; the application not having been sued on or mentioned in the pleadings and is inadmissible under the pleadings, and that the statement was signed prior to the execution of the mortgage sued on, and everything that took place prior to that time is included in the mortgage sued on, and is an attempt to vary and modify a contract without any allegation of fraud or error.

"By the Court: Let the objection be sustained.

"By Mr. Shotwell: Your Honor's ruling does not restrict me from proving the signature on this document?

"By the Court: No. sir!"

The question now presented for decision is whether or not the evidence should have been admitted.

Plaintiff alleged in its petition:

"That said note was executed and given as a part of the purchase price of a Ford sedan, and that the said car was purchased by the said Mrs. Lula C. Patton as her separate paraphernal property, and that the said note is a separate paraphernal debt of the said Mrs. Lula C. Patton and was contracted by her as her separate debt and to be paid by her out of her separate paraphernal property; and that said property inured to the benefit of the said Mrs. Lula C. Patton."

And that:

"The said C. H. Patton did sign said note and the act of chattel mortgage securing the same for the purpose of aiding and authorizing his said wife, but through error and oversight failed to add the appropriate words indicating that he signed for the purpose of authorizing his said wife, and that the said C. H. Patton signed said note and said act of chattel mortgage for the purpose of aiding and authorizing his said wife and not as a joint maker thereof."

Under these allegations we think the evidence should have been admitted.

Furthermore, defendant, Mrs. Lula C. Patton, alleged in paragraph 4 of her answer that:

"She admits that the note sued on was given as a part of the purchase price of a Ford sedan as alleged in paragraph 4 of plaintiff's petition, but she especially denies that said car was purchased by her as her separate paraphernal property, and she especially denies that said note is her separate paraphernal debt, and she especially denies that the debt evidenced by said note was contracted by her as a separate debt to be paid out of her separate paraphernal property, and she especially denies that said car inured to her separate or individual benefit."

This paragraph especially put at issue the questions asked by plaintiff as to what she said at the time she made the purchase and whether or not the purchase inured to her separate benefit; and having put the questions squarely at issue by answer, and there being no replication allowed in pleadings, we think the evidence should have been admitted.

It is therefore ordered, adjudged and decreed that the judgment appealed from be reversed and this case is remanded to the District Court for further proceedings in accordance with law and the views herein expressed.

The costs of the appeal to be paid by defendant; all other costs to await the final result.